### SAM SPIKES v. THE STATE.

#### No. 3454.   Decided March 3, 1915.

**1.—Theft from Person—Statement of Facts—Attorney and Client.**

Where the alleged statement of facts was in question and answer form, and not in the narrative form, as required by law, the same is struck out on motion of the State. The contention that defendant had no attorney to prepare his defense, in the absence of a motion to postpone the case, comes too late after verdict.

**2.—Same—Newly Discovered Evidence—Affidavit.**

Where the alleged newly discovered evidence was known to the defendant before the trial, the same did not come within the rule of newly discovered evidence; besides, no affidavit was attached to the motion for new trial. Following Cotton v. State, 4 Texas, 260, and other cases.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of the offense of theft from the person, and his punishment assessed at two years confinement in the penitentiary.

The statement of facts accompanying this record is prepared in violation of law, being in question and answer form. This is not permissible under the statute. However, the two questions presented in the motion for a new trial could be considered if properly presented. The first is, that appellant employed an attorney and relied on him to defend him, but on the day of the trial the attorney declined to do so,

and the court then appointed an attorney to represent appellant. In the motion for a new trial it is contended that this attorney should have been given more time to prepare appellant's defense. If counsel was not granted sufficient time, he should have moved to postpone the case before trial. As he announced ready for trial, without any request being made for additional time, or any representation to the court that he had not had ample time to prepare for the trial, such suggestion comes too late after verdict, as it is not contended that appellant, or his counsel, was in any way surprised by the testimony offered in behalf of the State.

In his amended motion for a new trial he alleges newly discovered testimony. The testimony that is alleged to be newly discovered was known as well to the defendant before the trial as after verdict. It is alleged that the party named delivered to him a certain amount of money on the day of the alleged theft. The affidavit of the witness that she would so testify is not attached to the motion, and no reason given why the affidavit is not attached. Under such circumstances this ground of the motion presents no sufficient reason for the granting of a new trial. Cotten v. State, 4 Texas, 260; West v. State, 2 Texas Crim. App., 209; Love v. State, 3 Texas Crim. App., 501.

The judgment is affirmed.

*Affirmed.*